Revis Dean **CARTER** and Susan Carter, Appellants,

v.

August W. **SCHICK**, Sr., Appellee.

No. 90–CA–2498–S.

Court of Appeals of Kentucky.

Oct. 11, 1991.

Brian E. Clare, Louisville, for appellants.

Louie Guenthner, Jr., Louisville, for appellee.

Before HOWERTON, STUMBO and WILHOIT, JJ.

HOWERTON, Judge.

R. Dean Carter and Susan Carter appeal from a summary judgment entered by the Jefferson Circuit Court holding the lease agreement between the Carters and August W. Schick unenforceable under the statute of frauds. For reasons stated below, we find the statute of frauds inapplicable and reverse.

The property that is the subject of this appeal was purchased by the Carters in June of 1977 from Schick. In 1981, Schick allegedly leased from the Carters one of the "out buildings" on the property for the sum of $150 per month. Although the verbal agreement was not reduced to writing, it is uncontroverted that the term of the lease was month to month.

It appears that both parties kept machinery and supplies in the building until 1988. In the fall of that year, Schick attempted to sell the contents of the building to a third party. When Dean Carter found this third party in the process of loading the contents of the building into a truck, he ordered him to leave. Thereafter, Carter changed the locks on the door and advised Schick that they must first decide who owned the equipment and that Schick must bring his rental arrearage current.

█ Subsequently, Schick filed suit against the Carters claiming that they were unlawfully denying him possession of his personal property located in the rented building. The Carters filed a counterclaim alleging that Schick owed them past-due rent in the amount of $11,500. The trial court found that the claim for past-due rent was barred by the statute of frauds, KRS 371.010, and entered a summary judgment in favor of Schick. It is from this decision that the Carters appeal.

The Carters argue that the statute of frauds, KRS 371.010, does not preclude the collection of rental arrearage resulting from a series of month-to-month tenancies. We agree. KRS 371.010 provides in pertinent part:

No action shall be brought to charge any person:

. . . . .

(6) Upon any contract for the sale of real estate, or any lease thereof for longer than one year;

. . . . .

unless the promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, be in writing and signed by the party to be charged therewith, or by his authorized agent. It shall not be necessary to express the consideration in the writing, but it may be proved when necessary or disproved by parol or other evidence.

There is no disagreement here as to the terms of the lease. Both parties described it as a series of month-to-month leases. By definition, therefore, the lease term could not exceed 31 days. Schick claims that since the total amount of arrearage is greater than what would be the rental obligation for 12 months, the agreement is *ipso facto* "a lease ... longer than one (1) year" within the meaning of KRS 371.010. This argument misses the point. If an agreement *can be* performed within one year, it does not come within the statute of frauds. Clearly, a lease whose term never exceeds 31 days *can be* performed in less than a year. The fact that here a series of month-to-month leases extended over several years is irrelevant. The underlying lease never exceeded one year.

The Carters' argument is sound, even though they cited no authority directly on point upholding their position. However, *Owensboro City Railroad Company v. Owensboro Fuel Company*, 185 Ky. 717, 216 S.W. 72 (1919), appears to us to be a correct statement of the law and dispositive. In that case, a street railroad company had contracted to transport coal for a mining company. The freight charges were to be paid between the 10th and 15th of each month succeeding that in which the

service was performed. The court found that the contract was "one from month to month, though intended to continue in that way for a period of two years." Furthermore, it could be terminated at any time. The court held that such a contract was not within the statute of frauds and no writing was required for its enforcement.

■ The Carters and Schick agree that their contract or lease was from month to month. As such, under the holding in *Owensboro City Railroad, supra,* this oral agreement is not barred by the statute of frauds. We note that if Schick's position were to be upheld, every month-to-month lease would have to be in writing. Otherwise, any tenant who was delinquent for more than 12 months might escape liability due to the mere passage of time.

We appreciate the possible hardship that might be imposed upon Schick if the total arrearages are found due and owing. This decision, however, only provides the Carters the opportunity to prove at trial the duration and terms of an alleged oral agreement.

The decision of the Jefferson Circuit Court is reversed and remanded for proceedings consistent with this opinion.

All concur.